IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  3:05cr44/RV
3:06cv373/RV/MD

CARLOS JONES

---

## **REPORT AND RECOMMENDATION**

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 and supporting memorandum of law. (Doc. 59 & 60). The government has filed a response (doc. 62) and the defendant has filed a reply (doc. 64). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

## **I. BACKGROUND**

Defendant was charged in a single count indictment with possession with intent to distribute 5 grams or more of a mixture and substance containing cocaine base, a mixture and substance containing cocaine, and a mixture and substance containing marijuana on May 18, 2005. (Doc. 1). On May 24, 2005, the government filed a notice of enhancement information to inform the court that the defendant was subject to increased penalty provisions due to three prior felony convictions involving controlled substances. (Doc. 6).

Defendant was represented by Kafahni Nkrumah from the office of the Federal Public Defender.

On July 18, 2005, the defendant filed a motion to suppress all evidence seized from three residences involved in the offense conduct. (Doc. 19). He claimed that there was no probable cause or a necessary nexus to justify searching the first residence, 301 Loveland Circle, and that illegally seized evidence from the first residence provided the basis for the warrants for the next two residences. (Doc. 19 at 1). Defendant claimed to have standing to challenge the warrant based on a reasonable expectation of privacy in the Loveland Circle residence and the contraband found therein. The government responded in opposition (doc. 21), and after a hearing held on July 21, 2005 at which the defendant testified, the motion was denied. (Doc. 22, 39). Defendant entered a guilty plea at the same hearing.

The PSR calculated defendant's total offense level at 34, and his criminal history category at VI, for an applicable guidelines range of 262-327 months. On October 4, 2005, defendant was sentenced at the mid-point of this range to a term of 290 months imprisonment and a $1,000 fine, to be followed by 8 years of supervised release. (Doc. 31).

Defendant appealed, challenging the district court's ruling that he lacked standing to contest the search of 301 Loveland Circle, where the narcotics he was charged with possessing were found. (Doc. 56). The Eleventh Circuit affirmed on June 22, 2006, as discussed in greater detail below.

In the present motion, defendant raises four grounds for relief. He contends that his sentence exceeded the authorized maximum set by law, that the district court lacked jurisdiction to sentence him under the enhanced provisions of 21 U.S.C. § 841(b)(1)(B), and that counsel's performance was constitutionally ineffective both before the trial court and on direct appeal. The government opposes the motion in its entirety.

II.  LEGAL ANALYSIS

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack.  28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice."  *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice."). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence.  *Ferguson v. United States,* 699 F.2d 1071, 1072 (11th Cir. 1983).  A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.  *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise,

affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239.

    A. <u>Sentence in excess of maximum authorized by law</u>

Defendant first contends that his 290 month sentence exceeded the maximum allowed by law based on the facts of his case. The indictment charged him with possession with intent to distribute a controlled substance, and identified the offense conduct as involving 5 grams or more of a mixture and substance containing cocaine base, an unspecified amount of a mixture and substance containing cocaine, and an unspecified amount of a mixture and substance containing marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), (b)(1)(C) and (D). Thus, three separate statutory provisions setting forth three separate penalty provisions were identified.

Defendant asserts that with respect to the drugs for which he was held accountable, the 43.8 grams of cocaine base carried a statutory maximum penalty range of 5 to 40 years, or ten years to life with a qualifying prior conviction, pursuant to 21 U.S.C. § 841(b)(1)(B); the 177.4 grams of cocaine power carried a statutory maximum penalty of 20 years, or 30 years with a qualifying prior conviction pursuant to 21 U.S.C. § 841(b)(1)(B); and the 1.81 kilograms of marijuana carried a statutory penalty range of 0 to 5 years pursuant to 21 U.S.C. § 841(b)(1)(D). He concludes that the maximum sentence that could have been imposed was 5 years. Defendant's position, that his sentence should have been based on the substance with the lowest applicable penalty range, evidences a misunderstanding of applicable law.

The cases cited by the defendant in support of his position all considered situations involving jury trials and general verdicts where the kind and quantity of controlled substance was not apparent from the jury's verdict. *United States v. Allen*, 302 F.3d 1260, 1271 (11th Cir. 2002) (if a general verdict is returned, court must sentence in accordance with drug carrying more lenient penalty); *United States v. Riley*, 142 F.3d 1254, 1256-57 (11th Cir. 1998) (same); *United States v. Dale*, 178 F.3d 429, 432 (6th Cir. 1999) (same); *United States v. Rhynes*, 196 F.3d 207 (4th Cir. 1999), vacated in part en banc, 218 F.3d 310 (4th

Cir. 2000); *Edwards v. United States*, 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998).  When there is no ambiguity as to the kind and quantity of controlled substance, then the statutory maximum for the substance yielding the *highest* sentence is applicable. *United States v. Neuhausser*, 241 F.3d 460, 471 (6th Cir. 2001) (jury found the defendant had conspired to distribute both marijuana *and* cocaine), *United States v. Watts*, 950 F.2d 508, 515 (8th Cir. 1991) (no special verdict form needed as "the indictment was an 'and,' not an 'or,' indictment"); *United States v. Soto-Beniquez*, 356 F.3d 1, 49  (1st Cir. 2003) (same); *United States v. Tosh*, 330 F.3d 836, 841 (6th Cir. 2003) (same).

In this case, the kind and quantity of drug attributable to the defendant was discussed at the plea colloquy.  The court noted that the defendant was entitled to have a jury make a factual determination of the quantity of drugs attributed to him.  (Doc. 40 at 7). In its recitation of the facts, the government stated that law enforcement had seized 124.1 grams of powder cocaine, 19.7 grams of cocaine base and 42.6 grams of reserve, and a "few pounds" of marijuana.  (Doc. 40 at 12-13).  Defendant was asked whether he disagreed with anything the government said, and he indicated he did not. (Doc. 40 at 13). He was then asked whether he had done what the government charged, that is distribute and possess with intent to distribute more than five grams of cocaine base, as well as cocaine and marijuana.  He responded in the affirmative (doc. 40 at 14).  The court went over the potential penalties the defendant faced, from ten years to life imprisonment, based on the nature of the offense conduct involving crack cocaine.  (Doc. 40 at 16).  The record in this case leaves no room for ambiguity about the fact that the defendant's guilty plea encompassed offense conduct involving five grams or more of cocaine base.  Thus, he was properly sentenced in accordance with the statute governing that substance.

B. <u>District Court's jurisdiction to sentence defendant pursuant to enhanced penalty statute</u>

Defendant's second contention is that the district court did not have jurisdiction to sentence him pursuant to 21 U.S.C. § 841(b)(1)(B) when ascertaining his base offense level under U.S.S.G. § 4B1.1.  Defendant's base offense level was determined to be 37 pursuant to § 4B1.1(b)(A) because he faced a maximum term of life imprisonment due to

the nature of the substance attributed to him.  See PSR ¶ 34.  Defendant argues that his guidelines base offense level should have been calculated in conjunction with a statutory maximum penalty of five years imprisonment, which under the current version of the guidelines, would have yielded a base offense level of 17.  U.S.S.G. § 4B1.1(b)(F).  Essentially, defendant repeats the argument made in ground one, that his sentence must be based on the drug with the most lenient penalty, although in ground two he couches his claim in terms of the application of the sentencing guidelines rather than the statutory maximum.  For the reasons stated in the previous section, there was no ambiguity in which controlled substance(s) were involved in the offense conduct.  Defendant's base offense level was appropriately calculate and his argument fails.

C. <u>Ineffective assistance of counsel</u>

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.  *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993).  To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.  *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000).  "*Strickland's* two-part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea." *Yordan v. Dugger,* 909 F.2d 474, 477 (11th Cir. 1990) (citing *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).  In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs.  466 U.S. at 697, 104 S.Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the

circumstances." *Id.* at 688, 104 S.Ct. at 2065; *see Atkins v. Singletary*, 965 F.2d 952 (11th Cir. 1992). "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *United State v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003). (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n. 18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04, 121 S.Ct. 696, 700-01, 148 L.Ed.2d 604 (2001). A

significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.*

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000), *cert. denied*, 122 S.Ct. 234 (2001).

### 1. Failure to Prepare Defendant for Suppression Hearing

Defendant claims that counsel was constitutionally ineffective because he failed to prepare him for testifying at the suppression hearing. Defendant states that during the suppression hearing, he became confused and gave conflicting testimony, stating alternatively that he did and did not reside at the residence where the search was conducted, and then giving conflicting testimony regarding property he had at the residence.

Defendant testified in his behalf at the suppression hearing. (Doc. 39 at 23-34). When asked about his "relationship" with 301 Loveland Circle, the first residence from which drugs were seized, he testified: "I live there -- I stay there sometime from time to time . . . maybe two, three times a week." (Doc. 39 at 24). Defendant stated that it was a two-bedroom apartment, with his aunt having one bedroom and he had the other. (*Id.*). He testified that he had had the room at 301 Loveland Circle for about a year and a half or two

years, and that he had placed personal belongings in there with the expectation of privacy. (Doc. 39 at 24-25). He stated that after he was arrested, he told law enforcement he could not give permission for them to search that residence because it was not his apartment, and that he eventually provided them with the address that was on his identification. (Doc. 39 at 25). On cross-examination, defendant appeared to minimize the number of his belongings that were at the residence, denying that shoe boxes, clothes, his diploma from Pensacola Junior College and pictures depicting him and other people belonged to him. (Doc. 39 at 27). Defendant also said initially that although there were utility bills for that address with his name on them, he did not "reside" there, but then repeated that he "live[d] there from time to time." (Doc. 40 at 29). On re-direct the defendant admitted that the diploma and clothing in the bedroom at 301 Loveland Circle belonged to him, and stated that he had keys to the house and his bedroom, leave to come and go as he pleased, and permission to have overnight guests at the residence. (Doc. 40 at 31).

The trial court found that based on the defendant's inconsistent testimony, he did not have standing to challenge the search of the subject premises. (Doc. 40 at 41-42). It subsequently went on to deny the motion to suppress on the merits, finding that there was "overwhelming probable cause for this search warrant." (Doc. 40 at 50). On appeal, the Eleventh Circuit commented on the inconsistencies in the defendant's testimony on direct and cross-examination, (doc. 56 at 6-7). The appellate court noted that the defendant had testified at the suppression hearing under oath that he had twice denied residing at 301 Loveland Circle shortly after his arrest and that he admitted telling officers that he did not have authority to consent to a search, and that this testimony was corroborated by the testimony of Investigator White who consistently maintained that the defendant had told him that he could not consent to a search because he did not live there, and in fact denied having any residence whatsoever due to being on the run. (Doc. 56 at 10-11). The court affirmed, concluding that the investigator's testimony, "particularly when coupled with the numerous inconsistencies in Jones's statements, fully supported the district court's determination." (Doc. 56 at 11).

Case 3:05-cr-00044-RV-CJK   Document 65   Filed 12/28/06   Page 10 of 13

Page 10 of 13

Defendant now asserts that had counsel prepared him for the hearing, he would have been more focused and truthfully admitted that he rented a room at the location from a relative and that personal items found at the location were his, and his overall testimony would not have been tainted. In response, the government argues that it is not the fault of counsel that the defendant was not a credible witness. In addition to being a multi-convicted felon, defendant changed his story several times with respect to the instant offense, and the testimony he now claims he would have given was in conflict with the testimony of Investigator White. The government also notes that an unsworn letter from defense counsel in response to the § 2255 motion states that counsel prepared the defendant for the hearing by meeting with him twice to prep him regarding the testimony and how to handle himself on cross examination.

Even if the defendant's testimony had been otherwise, based on the district court's alternative finding that there was "overwhelming probable cause" for the search warrant, any additional preparation offered by defense counsel would not have changed the outcome of the proceedings. He has not shown that counsel was constitutionally ineffective or that he is entitled to relief.

### 2. Failure to Object to Offense Level and Sentence above Statutory Maximum

Defendant's second and third ineffective assistance of counsel claims are that counsel was ineffective because he failed to object to his sentence and to the calculation of defendant's base offense level, as set forth in grounds A and B, above. Counsel is not ineffective for failing to preserve or argue a meritless claim. *See Brownlee v. Haley,* 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise non-meritorious issue); *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (counsel

was not ineffective for informed tactical decision not to make what he believed was a meritless motion challenging juror selection procedures where such a motion has never been sustained because such a motion would not have been successful). Therefore, defendant is not entitled to relief on these grounds.

3. <u>Failure to object to Criminal History Category for Treatment as Career Offender</u>

Defendant next contends that counsel was ineffective for his failure to object to the calculation of his criminal history category and the use of related state convictions for purposes of career offender treatment. He claims that the offenses set forth in paragraphs 42 and 45 of his PSR were related offenses and should have been treated as a single sentence for purposes of both the career offender determination and the calculation of his criminal history category.

Defendant was assessed three criminal history points for the controlled substance conviction set forth in paragraph 42 of the PSR. The PSR reflects that defendant sold a quantity of crack cocaine to a CI on September 7, 1994. The offense conduct described in paragraph 45, for which defendant was also assessed three criminal history points, took place on October 12, 1994 when defendant fled from law enforcement officers who attempted to arrest him on three outstanding warrants. The fact that these cases were consolidated for trial and sentencing is not dispositive of whether they should be treated as a single case. Clearly a cursory fact based inquiry reveals that these two convictions did not form a single criminal episode. See *United States v. Rice*, 43 F.3d 601, 605 (11th Cir. 1995); *United States v. Griffin*, 109 F.3d 706, 708 (11th Cir. 1997). Even concurrent sentences do not establish the relationship between convictions. *Rice*, 43 F.3d at 607. Defendant's argument is without merit.

The government also notes that even if these two offenses were a single event for career offender purposes, the Notice of Enhancement filed by the government listed two completely unrelated convictions, in addition to the convictions listed in paragraphs 44 and 45 of the PSR, as the basis for the enhancement. Thus, there are actually up to four identified predicate offenses that qualify for the statutory or the career offender

enhancement. Only one prior is required for enhanced penalties pursuant to 21 U.S.C. § 841(b)(1)(B), and only two are required to qualify a defendant for career offender status under U.S.S.G. § 4B1.1(a). Defendant's assertion that counsel was constitutionally ineffective for his failure to object to the calculation of his criminal history for the purpose of either of these enhancements is clearly without merit.

### 4. Ineffective assistance of appellate counsel

Defendant's last assertion is that counsel was constitutionally ineffective in his appellate representation because he failed to raise the issues raised herein on direct appeal. Due process of law requires that a defendant receive effective assistance of appellate counsel on his direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). However, the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue on appeal if counsel, as a matter of professional judgment, decides not to do so. *Jones v. Barnes*, 463 U.S. 745, 751-52, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987 (1983); *Heath v. Jones*, 941 F.2d 1126, 1130-31 (11th Cir. 1991); *Francois v. Wainwright*, 741 F.2d 1275, 1285 (11th Cir. 1984). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Barnes,* 463 U.S. at 751-52, 103 S.Ct. at 3313. The mere fact that one of the non-appealed issues might have been successful does not preclude a finding that the appellate advocacy, which must be judged in its entirety, was effective. *Smith v. Murray,* 477 U.S. 527, 106 S.Ct. 2661, 91 L.Ed. 2d 434 (1986). To determine whether defense counsel rendered ineffective assistance by failing to raise certain issues on appeal, the court must examine the merits of the issues the defendant alleges counsel was derelict in not raising on appeal. *Miller v. Dugger*, 858 F.2d 1536, 1538 (11th Cir. 1988). Of course, appellate counsel is not ineffective for failing to raise claims "reasonably considered to be without merit." *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984) (citations omitted); see also *Lambrix v. Singletary*, 72 F.3d 1500, 1507 (11th Cir. 1996); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). In this case, none of the issues that defendant suggests

should have been raised on appeal could have been reasonably considered to have merit. See *Alvord, supra.*  Therefore, counsel's performance was not constitutionally deficient because he chose not to raise them.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 59)  be DENIED.

At Pensacola, Florida, this 28th day of December, 2006.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).